**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **K&C SCOTT INVESTMENTS LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:25-CV-02733-O** |
| | § | |
| **STATE AUTO PROPERTY &** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

**OPINION AND ORDER**

Before the Court are Defendant's Motion for Summary Judgment, Brief in Support, and Appendix in Support (ECF Nos. 19–21); Plaintiff's Response and Appendix in Support (ECF Nos. 27–28); and Defendant's Reply (ECF No. 29). Having reviewed the briefing and relevant case law, Defendant's Motion for Summary Judgment (ECF No. 19) is **GRANTED**. All other motions are **DENIED** as moot (ECF Nos. 14, 17, 18, 32, 35, 38, 51)[1].

## I. BACKGROUND[2]

This case arises from an insurance dispute. Plaintiff K&C Scott Investments LLC ("Plaintiff") owns commercial property located at 529 Shepherd Drive, Garland, Texas 75042 (the "Property"). Defendant State Auto Property & Casualty Insurance Company ("Defendant") insured the Property through a policy with effective dates of coverage from January 21, 2024, through January 21, 2025. On May 28, 2024, a windstorm damaged the Property. That same day,

[1] Defendant filed Motions to strike testimony (ECF Nos. 32, 35, 38), on October 26, 2026, however the Court does not rely on the testimony at issue in this Order granting summary judgment in Defendant's favor and so denies these Motions as moot.

[2] Unless otherwise specified, the Court's recounting of the facts in this case is drawn from the Parties' briefing.

Plaintiff reported the loss and opened a claim. Defendant issued Plaintiff an actual cash value payment of $167,075.95 upfront, before any appraisal award had been issued.

Defendant retained Rimkus Engineering to inspect the Property and to determine what damage was caused by the windstorm on May 28, 2024. The engineering report concluded that the metal roof decking's conditions resulted from long-term water infiltration and corrosion rather than the windstorm. On November 25, 2024, Plaintiff served Defendant with a written demand for appraisal under the Policy. Plaintiff's appraiser, Christopher Bedsworth, and Defendant's appraiser, Carl Johnson, conducted a joint inspection of the Property. They both agreed on an appraisal award (the "Award") identifying (1) a Dwelling Replacement Cost Value of $358,082.79, and an actual cash value of $280,415.92; (2) a Code Upgrade amount of $112,902.90, and an identical cash value; and (3) Code Compliance – Roof Decking with a replacement cost value of $187,106.43, and an amount of loss value of $72,459.53. Total, the appraisal award added up to $658,092.12 in replacement costs and $465,778.35 in amount of loss.

After receiving the appraisal award and determining what was covered by the Policy, on April 24, 2025, Defendant paid Plaintiff $88,874.97, calculated by the Dwelling's actual cash value ($280,415.92), minus the Policy's deductible ($24,465.00) and prior payments ($167,075.95). Defendant also paid Plaintiff statutory interest of $10,998.24. Although having received $266,949.16 in total payment from Defendant, Plaintiff has not completed any repairs or replacements of all the line items identified within the Award, and the roof itself has not been replaced.

Plaintiff disputes Defendant's payout, specifically for the metal roof decking, alleging breach of contract; unfair or deceptive acts or trade practices in violation of Chapter 541 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act; breach of common law duty

of good faith and fair dealing; and breach of the Texas Prompt Payment of Claims Act. Defendant then removed the case to this Court on October 8, 2025.

Defendant filed its motion for summary judgment on all of Plaintiff's claims. The Parties have fully briefed the Motion, which is now ripe for the Court's review.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 56(a)

The Court may grant summary judgment when the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is not "a disfavored procedural shortcut, but rather . . . an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotation marks and citation omitted).

"[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant must inform the court of the basis for its motion and demonstrate from the record that no genuine dispute as to any material fact exists. *Celotex*, 477 U.S. at 323. The Court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). And if there appears to be some support for disputed allegations, such that "reasonable minds could differ as to the import of the evidence," the Court must deny the motion for summary judgment. *Anderson*, 477 U.S. at 250.

"The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas*

*v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "The opposing parties' failure to produce proof as to any essential element of a claim renders all other facts immaterial." *2223 Lombardy Warehouse, LLC v. Mount Vernon Fire Ins. Co.*, No. 3:17-CV-2795-D, 2019 WL 1583558, at *6 (N.D. Tex. Apr. 12, 2019) (Fitzwater, J.). Summary judgment is mandatory if the parties fail to meet this burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## III. ANALYSIS

Defendant moves for summary judgment as to Plaintiff's claims for breach of contract and Plaintiff's extra contractual claims—unfair or deceptive acts or trade practices in violation of Chapter 541 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act; breach of common law duty of good faith and fair dealing; and breach of the Texas Prompt Payment of Claims Act.[3] Plaintiff argues that summary judgment is improper because it has offered evidence demonstrating that the policy covered the metal roof decking, so, creating a genuine dispute of material fact.[4] But this argument fails because Plaintiff failed to provide sufficient evidence to overcome summary judgment.

### A. Breach of Contract

Under Texas law, the elements of breach of contract are: (1) a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained by the plaintiff because of the breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009). To be liable for breach of an insurance contract, the insured must prove that the claim itself is covered. *Data Specialties, Inc. v. Transcon. Ins. Co.*, 125 F.3d 909, 911 (5th Cir. 1997). Plaintiff alleges that Defendant breached the insurance contract when it refused to pay Plaintiff for the metal

---

[3] Def.'s Mot. Summ. J. 1–2, ECF No. 19.
[4] Pl.'s Resp. 4, 13, ECF No. 27.

roof decking.[5] Defendant, on the other hand, argues that Plaintiff cannot establish either breach or damages because Defendant has satisfied the contract by paying the full amount under the Policy and that Plaintiff cannot establish coverage for additional payment.[6] So the central question becomes: Did Plaintiff's evidence create a genuine dispute of material fact as to whether the metal roof decking is covered under the Policy? The answer is no.

Plaintiff misunderstands the difference between an appraisal award and Policy coverage determinations.[7] Plaintiff alleges that because the appraisers listed the metal roof decking within the award, it is covered, and therefore Plaintiff is entitled to that sum.[8] But, appraisals determine the amount of loss, and *not* coverage under the Policy. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 891–94 (Tex. 2009). Here, just because the appraisal award listed the cost of the metal roof decking and determined the loss associated with it does not imply that the metal roof decking is covered by the Policy.

For the metal roof decking to be covered by the Policy, one of two conditions must be satisfied: (1) the wind/hailstorm caused the damage to the metal roof decking, or (2) if Plaintiff seeks Ordinance or Law coverage, an ordinance must have been in force at the time of the loss, the covered damage must have resulted in the enforcement of that ordinance or law, and Plaintiff must actually repair, reconstruct, or remodel the building.[9] Here, Plaintiff does not meet its burden of establishing either condition.

There is no genuine dispute of material fact of whether the hail/windstorm caused damage to the metal roof decking's damage because Defendant's engineer's report establishes that the

---

[5] Pl.'s Resp. 12, ECF No. 27.
[6] Def.'s Br. Supp. Mot. Summ. J. 14, ECF No. 20.
[7] *Id.*
[8] *Id.*
[9] Def.'s App. Supp. Mot. Summ. J. Ex. 1-A (Policy), App. 151–52, ECF No. 21-1.

damage to the roof metal decking predated the storm.[10] Plaintiff did not retain its own engineer to conduct an analysis as to whether the storm caused the damage to the metal roof decking,[11] and Plaintiff's only evidence are after-the-fact statements from its appraiser and adjuster.[12] No scientific or technical evidence has been presented to cast doubt on Defendant's engineering report.

Yet despite Defendant's expert's conclusions and offering no expert rebuttal, Plaintiff alleges that "demonstrable evidence" exists to establish "that at least one-third [of the metal roof decking] was directly damaged by the storm."[13] The Court now considers Plaintiff's evidence: photographs of the metal roof decking after the wind/hailstorm,[14] an excerpt from Christopher Bedsworth's deposition,[15] and an excerpt from Thomas Rosenthal's deposition.[16]

In *Stagliano v. Cincinnati Ins. Co.*, the Fifth Circuit stressed that "devoid of any factual support or explanation of the expert's basis for concluding that observed damage occurred as a result of a particular" hailstorm a plaintiff fails to carry its burden. 633 F. App'x 217, 219–20 (5th Cir. 2015). Here, Plaintiff provides photographs of the metal roof decking after the May 2024 storm and two excerpts from its appraiser and adjuster's depositions.[17] Although helpful, the photos alone do not create a genuine dispute of material fact without more evidence or support. Additionally, Plaintiff's appraiser, Christopher Bedsworth, merely states that he believes the storm damaged one-third of the metal decking but does not point to any "specific facts showing that there

---

[10] *Id.* Ex. 1-H (Rimkus Engineering Report), App. 189–218, ECF No. 21-1.
[11] *Id.* Ex. 2-G (Crabb Deposition), App. 413, ECF No. 21-2.
[12] Pl.'s App. Supp. Resp. Ex. 8 (Dep. Bedsworth), App. 000193, ECF No. 28; Pl.'s App. Supp. Resp. Ex. 9 (Dep. Rosenthal), App. 000205, ECF No. 28.
[13] Pl.'s Resp. 12, ECF No. 27.
[14] Pl.'s App. Supp. Resp Ex. 5 (Photographs Metal Roof Decking), 00074-00077, ECF No. 28.
[15] *Id.* Ex. 8 (Dep. Bedsworth), App. 000193, ECF No. 28.
[16] *Id.* Ex. 9 (Dep. Rosenthal), App. 000205, ECF No. 28.
[17] Pl.'s Resp. 12, ECF No. 27.

is a genuine issue for trial." *Id.* at 219 (internal citations omitted). Finally, Plaintiff's adjuster, Thomas Rosenthal states that in "[his] opinion at least a third of" the metal roof decking was damaged by the storm.[18] But like Mr. Bedsworth, Mr. Rosenthal does not state a basis for his opinion, nor does he provide any specific facts as to how he came to this conclusion. *Styron v. State Farm Fire & Cas. Co.*, 479 F. App'x 604, 608 (5th Cir. 2012) (quoting *Lechuga v. Southern Pac. Transp. Co.*, 949 F.2d 790, 798 (5th Cir.1992)) ("[T]estimony based on conjecture alone is insufficient to raise an issue to defeat summary judgment.") (alteration in original).

Under the second condition, Plaintiff's claim also fails. Plaintiff does not produce an ordinance or law that was in effect at the time of the loss. Additionally, Plaintiff has not replaced or restored the damaged property.[19] Quite the opposite, Plaintiff admits that no repair or replacement of the roof has been done.[20] Here, Plaintiff offers zero evidence to overcome the summary judgment standard. Accordingly, there is no genuine dispute of material fact as to whether the metal roof decking is covered under the Ordinance or Law section of the Policy.[21]

Since there is no genuine dispute as to whether the Policy covers the roof metal decking and because Defendant has paid out the Policy, Plaintiff has not established that Defendant breached the insurance contract. Plaintiff's breach of contract claim fails as a matter of law; accordingly, the breach of contract claim is **DISSMISSED** with prejudice.

### B. Extra-Contractual Violations

Without establishing an independent injury, the Court or a jury cannot impose any extra-contractual liability. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489–90, 500 (Tex.

---

[18] Pl.'s App. Supp. Resp. Ex. 9 (Dep. Rosenthal), App. 000205, ECF No. 28.
[19] Def.'s App. Supp. Mot. Summ. J. Ex 2-E (Dep. K. Scott), App. 359–60, 371, ECF No. 21-2.
[20] Def.'s App. Supp. Mot. Summ. J. Ex 2-B (Pl.'s Answers to Request for Admissions), App. 309, ECF No. 21-2.
[21] Def.'s App. Supp. Mot. Summ. J. Ex. 1-A (Policy), App. 151–52, ECF No. 21-1.

2018) ("An insured cannot recover *any* damages based on an insurer's statutory violation unless the insured establishes a right to receive benefits under the policy or an injury independent of a right to benefits.").

As for the claims under Chapter 541 of the Texas Insurance Code, the Texas Deceptive Trade Practices Act, and the common law duty of good faith and fair dealing, Plaintiff failed to establish a predicate injury required for recovery. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) ("Texas courts have clearly ruled that these extra-contractual tort claims require the same predicate for recovery as bad faith causes of action in Texas."). Because there has been no breach of insurance contract by Defendant, Plaintiff cannot pursue these extra-contractual claims. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 135 (Tex. 2019) (if a plaintiff seeks to recover policy benefits that have already been paid pursuant to an appraisal provision, the plaintiff cannot recover for bad faith under Chapter 541).

Plaintiff's claims under the Texas Prompt Payment of Claims Act or attorney's fees under Chapter 542A of the Texas Insurance Code also fail because Plaintiff did not establish that Defendant owed additional Policy benefits. So, Defendant is not liable for delayed payments. *Green Acres Baptist Church, Inc. v. Bhd. Mut. Ins. Co.*, No. 6:23-CV-566-JDK, 2025 WL 1840603, at *9 (E.D. Tex. July 3, 2025) (granting judgment as a matter of law on claims under Chapter 542 of the Texas Insurance Code because the insured "failed to prove that [the insurer] owed additional policy benefits" and the insurer "is not liable for delayed payments as a matter of law"). Additionally, the Texas Supreme Court has held that Section 542A.007 of the Texas Insurance Code "prohibits an award of attorney's fees when an insurer has fully discharged its obligations under the policy by voluntarily paying the appraised amount, plus any statutory interest, in compliance with the policy's appraisal provisions." *Rodriguez v. Safeco Ins. Co. of*

*Ind.*, 684 S.W.3d 789, 793 (Tex. 2024). Here, Defendant did just that. Thus, Plaintiff cannot seek recovery as a matter of law under Chapter 542 of the Texas Insurance Code.

* * *

Because Plaintiff failed to demonstrate a genuine dispute of material fact, the Court **GRANTS** Defendant's Motion for Summary Judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 19). All other Motions are **DENIED** as moot (ECF No. 14, 17, 18, 32, 35, 38, and 51).

**SO ORDERED** on this **3rd day** of **November, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE